## PEOPLES NATIONAL BANK *v.* WHEEDON.

1. Property in pledge may be seized and sold under execution against the pawner; and on notice by the pawnee to the levying officer, the court, in the distribution of the fund arising from the sale of the property, will recognize the lien of the pawnee according to its dignity, and will so direct the payment of such proceeds as will protect the legal rights of the pawnee.

2. Where such a levy was made, and the property was claimed by the pledgee, and the case thus arising was submitted to the presiding judge for decision without the intervention of a jury, he sufficiently discharged his duty by adjudging generally that the property was subject, although the agreement for submission embraced a stipulation that the court was to fix "the legal and equitable rights of all parties without prejudice to the rights of either party in the premises."

Submitted May 1,—Decided June 12, 1902.

Levy and claim. Before Judge Littlejohn. Sumter superior court. December 19, 1901.

*W. P. Wallis*, for plaintiff in error. *Hooper & Dykes*, contra.

LITTLE, J. The question under consideration in the present case, as made by the levy and claim, is whether the property levied on is subject to the execution. On the trial of this issue the parties agreed upon a statement of facts which was to control the determination of the issue, which statement is as follows: "Mrs. S. F. Wheedon obtained judgment in Sumter superior court against W. H. Simmons, on the 29th of November, 1898, for the principal sum of $1,000.00, interest to judgment $77.00, cost $11.00. Fi. fa. issued on the 29th of November, 1898, and was duly levied on the 7th of December, 1898, by the sheriff of Sumter county, on eighty shares of the capital stock of the Peoples National Bank of Americus, each share expressed to be of the par value of $100.00 per share, and being sixty shares of certificate number 131, and twenty shares of certificate number 134, levied on as the property of W. H. Simmons to satisfy said fi. fa. (and all notice given as required by law in such cases), and was advertised for sale on the 29th of March, 1900. Said stock was claimed, as provided by law, by the Peoples National Bank of Americus, Georgia, and which is now pending, which claim arises on the following as the title of the said bank: Sometime during the year 1897 the said stocks were owned by one Mrs. E. A. Windsor, when W. H. Simmons purchased the interest of E. A. Windsor in said bank, and purchased

the said shares of stock, and had the same transferred and assigned to him and placed on the books of the said Peoples National Bank in the name of said W. H. Simmons, and so stood on said books at the time of the said levy under said fi. fa. and up to the present time. But the said W. H. Simmons did not pay cash for the said shares of stock, or for said purchase, but gave his notes to the said E. A. Windsor for the sum of several thousand dollars, among which notes were two obligations, to wit: Each note dated the 11th of January, 1897, signed W. H. Simmons, and payable to the order of E. A. Windsor, and due on the 1st of January, 1898, one for the sum of $800.00, and the other for the sum of $1,910.00, each of said notes bearing 6% interest after maturity, and 10% attorney's fees, said notes being sealed instruments and embodying the following clauses. The note for $800.00 the following clause: ' Twenty shares of stock of the Peoples National Bank of Americus, Ga., held as collateral to this note, and, in default of payment, stock subject to sale without notice, to satisfy principal and interest.' The note for $1,910.00 has the following clause: ' Sixty shares of stock of the Peoples National Bank of Americus, Ga., held as collateral to this note, and, in default of payment, to sell the stock to satisfy said principal and interest.' The 60 shares herein referred to being certificate number 131, and the 20 shares referred to in the $800.00 note was of certificate number 134, same as levied upon. Said certificates of stock were delivered with said notes to E. A. Windsor with the following indorsement on the back thereof: ' For value received the undersigned hereby assigns and transfers unto ———— shares of the capital stock of the Peoples National Bank of Americus, Georgia, and do hereby constitute and appoint ———— true and lawful attorney, irrevocably for and in —— name and behalf to make and execute all necessary acts of assignment and transfer required by the regulations and by-laws of said bank. In witness whereof — have hereunto set —— hand and seal, this the 12th of January, 1897. [Signed] W. H. Simmons.' In the face of said certificate is written: ' Shares $100.00 each. This is to certify that W. H. Simmons is entitled to —— shares (certificate No. 131 sixty shares, and certificate number 134 20 shares), of one hundred dollars each, of the capital stock of the Peoples National Bank of Americus, Ga., transferable only on the books of said company, in person or by attorney, on the surrender of this certificate.

Witness our hands and seals of the corporation.' Signed by the president and cashier of the bank.

"The Peoples National Bank was at that time and since a corporation under the national banking system, with authority in its charter to make all necessary by-laws, rules, and regulations for the transaction of its business, and as incident to the operation of said bank. It was one of the rules, regulations, and by-laws of the said Peoples National Bank that the bank should have a lien on the stock of its shareholders for any indebtedness that might be contracted by any of its stockholders with said bank, as principal, surety, or otherwise. On the 1st of January, 1898, when the notes hereinbefore set out, together with the other indebtedness due by the said W. H. Simmons to the said Mrs. E. A. Windsor matured, the said W. H. Simmons induced the Peoples National Bank to take up some of the outstanding obligations due to the said E. A. Windsor, which was at that time represented by the aforesaid two notes, and the said E. A. Windsor did, on the 1st of January, 1898, transfer, deliver, and assign to the Peoples National Bank the aforesaid two notes, the following being the indorsement on said notes : 'Without recourse pay to the Peoples National Bank, January 1st, 1898. [Signed] E. A. Windsor.' Peoples National Bank has no other security than the said stock for indebtedness due by W. H. Simmons to said bank. There is due on the notes the principal sum of $800.00, and on the other note the principal sum of $1,910.00, besides interest to date. Said W. H. Simmons was, on the 1st of November, 1898, indebted to the Peoples National Bank of Americus, Ga., as shown by the books of said bank and as charged to the said Simmons, $10,323.35; credit by amount paid by him up to that time, $5,289.08; balance due, $5,034.27, besides interest on the same, which amount has never been paid by the said W. H. Simmons to the said bank. The Peoples National Bank has, since the above date, gone into liquidation, and paid in the way of the redemption of its stock not exceeding 50% of the face of the said stock, besides paying off its depositors, all of which was satisfactory to the stockholders ; and at the same ratio of settlement there is largely more due to the said Peoples National Bank than the 50% of the face value of said stock. The said Peoples National Bank of Americus, Ga., holds the two said certificates of stock as collateral to the said indebtedness of the said W. H.

Simmons, due to the said bank under the aforesaid transfer, by-laws, rules, and regulations of the said Peoples National Bank of Americus, Ga. That while said stock was at the Peoples National Bank as security for said sum of money, it was still bound to the said Mrs. E. A. Windsor for a balance of the purchase-money other than that represented by the said two notes hereinbefore set out, and subsequent to the judgment of the plaintiff; and the said W. H. Simmons induced one C. R. Whitley of Americus, Ga., to stand said Simmons's security for the sum of $10,000.00 with one Rouse & Co., to secure the money of the said Rouse & Co., with which to pay Mrs. Windsor. Said Whitley did stand the security of the said Simmons with the understanding that the said Mrs. Windsor would deliver to the said Whitley said certificates of stock held by her as hereinbefore set out. Said stock was delivered to the said Whitley, and the money so obtained was paid to the said Mrs. Windsor, and Whitley afterwards held said stock as a pledge to indemnify him against loss on account of said suretyship, and continued to hold the said stock until the 7th of December, 1899. Said $10,000.00 has been paid by the said W. H. Simmons, said C. R. Whitley returning said stock to the Peoples National Bank, the Peoples National Bank at no time waiving any of its right, lien, or claim on said stock."

Upon the above agreed statement of facts counsel submitted the case to the judge under the following agreement: " We, counsel for the plaintiff and claimant, agree that the foregoing are the true statement of facts regarding the above stock levied on, and the claim of the Peoples National Bank of Americus, Ga., and that the court may pass upon the said case in term time, — pass upon both the law and the facts without a jury, fixing the legal and equitable rights of all parties, without prejudice to the rights of either party in the premises." After consideration, the trial judge entered the following judgment in the case: " The above-stated case was submitted to the court upon an agreed state of facts, to be determined by the court, without the intervention of jury; and after consideration by the court it is adjudged that the property levied upon and claimed is subject to the fi. fa., and it is further ordered that the fi. fa. proceed. It is further ordered that the sheriff hold up the proceeds of the property levied upon when sold, to be distributed in accordance with law in such cases." To this judgment claimant excepted and complains that the same was error.

Under the Civil Code, § 2962, property in pledge or pawn may be seized and sold under execution against the pawner. It is further provided in that section that, on notice of the pawnee to the levying officer, the court in distributing the proceeds will recognize his lien according to its dignity, and give such direction to the funds as will protect his legal rights. There can be no question that the property levied on by the execution was, under the agreed statement of facts, in pawn or pledge at the time the execution was levied. Indeed the only right, as we understand from the statement of facts, which is insisted on by the claimant is, that it held the certificates of stock in pledge for the payment of the indebtedness of the defendant in fi. fa., and that its lien was superior to that of the judgment creditor. The issue, then, is one of priority of lien between the plaintiff in execution and the claimant. This being true, the provision of the section of the code just referred to has direct application; for as the property was in pawn or pledge at the instance of the defendant in fi. fa., it was the right of the plaintiff in execution to have it seized and sold, and the order of the court was but the enforcement of this right. It is claimed, however, on the part of the plaintiff in error, who was claimant in the court below, that the judge under the agreement was to fix the legal and equitable rights of the parties; but the code provides that the court in distributing the proceeds will recognize the lien of the pawnee according to its dignity, and will give such direction to the fund as shall protect its legal rights. It is apparent from the provisions of this section of the code that it was contemplated that this recognition of the lien should be made in the distribution of the proceeds of the sale, and it was evidently contemplated that when property in pledge is levied on under execution, it shall be sold, and the proceeds of that sale shall be distributed by the court among the lienholders according to the priority of their respective liens. Therefore, notwithstanding that portion of the agreement which contemplated that the judge should fix the legal and equitable rights of all parties, the judgment rendered in the case was entirely legal, and the proper one to be rendered; and the question as to the priorities of the liens can be made and determined when the fund arising from the sale is subject to distribution.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*